The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: November 8 2019

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: Matthew A. Stark ) | Case No. 18-30014 |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| Ericka S. Parker, Trustee, ) | Adv. Pro. No. 19-03024 |
| ) | |
| Plaintiff, ) | JUDGE MARY ANN WHIPPLE |
| v. ) | |
| ) | |
| Matthew A. Stark, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF DECISION AND ORDER RE: SUMMARY JUDGMENT MOTION

This adversary proceeding is before the court on a Motion for Summary Judgment [Doc. # 11] filed by Plaintiff Ericka S. Parker, the trustee in the underlying Chapter 7 bankruptcy case ("Plaintiff" or "Trustee"). Defendant Matthew A. Stark ("Defendant" or "Debtor") is the debtor in the underlying Chapter 7 case. The Trustee's complaint seeks revocation of Defendant's discharge under 11 U.S.C. § 727(a)(6)(A), (d)(2) and (d)(3) on the basis of an alleged refusal to obey a lawful order of the court. No response to the Trustee's summary judgment motion has been filed by Defendant. For the following reasons, however, the Trustee's motion will be denied.

The district court has jurisdiction over Defendant's underlying Chapter 7 bankruptcy case as a case under Title 11 and over all proceedings arising in or related to that case, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). The Chapter 7 case and all proceedings arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order 2012-7 entered by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to a debtor's right to a discharge. 28 U.S.C. § 157(b)(2)(J).

## LAW AND ANALYSIS

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is only proper where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986); *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014).

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). With respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Even when a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Rule 56 before granting the motion. *Guarino v. Brookfield Twp. Trustees*, 980 F.3d 399, 407 (6th Cir. 1992).

This adversary proceeding arises out of Defendant's underlying Chapter 7 case, *In re Stark*, Case No. 18-30014, which he filed in this court on January 3, 2018. [Case No. 18-30014, Doc. # 1]. On March 7, 2018, the Trustee filed in the Chapter 7 case a Motion for Turnover of Property, seeking bank statements for all of Debtor's bank accounts at the date of filing. [Case No. 18-30014, Doc. # 13]. Defendant did not oppose the motion for turnover. On March 27, 2018, the court entered an unopposed order directing Defendant/Debtor as follows:

> **IT IS ORDERED** that the Debtor(s) shall surrender to the Trustee on or before April 21, 2018, a copy of the bank statements from all bank accounts evidencing the balance(s) on deposit on the date of filing of the bankruptcy petition.

[Case No. 18-30014, Doc. ## 14, 15]. The court entered Debtor's Chapter 7 discharge on May 2, 2018. [Case No. 18-30014, Doc. ## 19, 20].

The Trustee timely filed this adversary proceeding against Debtor on May 7, 2019. *Parker v. Stark* Adv. Pro. No. 19-03024. [Doc. # 1]; *see* 11 U.S.C. § 727(e)(2)(B). The complaint seeks to revoke Defendant's Chapter 7 discharge on the basis that he refused to obey a lawful court order, specifically the turnover order described above. Defendant timely answered the Complaint, denying the averments of paragraphs 5-7. Those paragraphs are the factual meat of the Complaint regarding the turnover order and Defendant's alleged noncompliance with it.

The disconnect is that the Trustee's Complaint incorrectly pleads the contents of the turnover order. The Trustee's affidavit in support of summary judgment likewise misstates the contents of the turnover order. Both state that the court's turnover order directed Debtor to turnover both copies of his 2017 state and federal tax returns, which it appears he did do, [Complaint, Doc. # 1, ¶ 6, and Doc. # 5], and the prorated non-exempt refunds due thereunder, which she calculates to be $3,282.29, and that he did not do. While the court need only consider the cited materials--namely in this case the Trustee's affidavit--, Rule 56(c)(3) also states that the court "*may* consider other materials in the record." Fed. R. Civ. P. 56(c)(3) (emphasis added). This provision affords "[t]he court and the parties great flexibility with regard to the evidence that may be used on a [summary] judgment proceeding." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015), quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2721 (3d ed.1998). The court may consider materials that would themselves be admissible at trial, *id.*, as the turnover motion and order would be.

Because they are a matter of record in the underlying Chapter 7 case, and because this adversary proceeding revolves around what happened in that Chapter 7 case, the court will exercise its discretion and take judicial notice of and consider the contents of the turnover motion and the turnover order. The court may take judicial notice of its own records and files, including of prior litigation closely related to the matter at hand. *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Co*, 605 F.2d 1169, 1172. (10th Cir.1979). "The doctrine of judicial notice applies to motions under Rule 56." Wright, Miller & Kane, *Federal Practice and Procedure* § 2723; *St. Louis Baptist Temple, Inc.*, 605 F.2d at 1171-72. Moreover, given the summary judgment process, "the court is obliged to take account of the entire setting of the case on a Rule 56 motion." Wright, Miller & Kane, *Federal Practice and Procedure* § 2721.When

3

the court does that, the problem is that the motion requests and the order directs only that Debtor turnover bank statements from the date of filing of the Chapter 7 case. Neither the motion nor the order address turnover of any tax returns and tax refunds. It could thus be said that there is a genuine issue of material fact, which would necessitate denial of the motion for summary judgment but also point to a trial to resolve that dispute. But that procedural outcome does not make any sense, because the turnover order says what the turnover says. And what it says is not going to change at trial.

At the same time, the court is mindful Defendant has not filed an affidavit or otherwise contested the Trustee's factual averments in her Affidavit in accordance with the procedure set forth in Rule 56(c) of the Federal Rules of Civil Procedure. If the court does not take judicial notice of and consider the content of the actual turnover order, the facts articulated by the Trustee in her Affidavit have not been disputed by Debtor and would appear to entitle her to judgment in her favor as a matter of law under §727(d)(3) and (a)(6)(A) for refusal to obey a lawful order of the court. Under Rule 56(e), the court has four options where a party fails to properly address another party's assertions of fact as required by Rule 56(c). They are: (1) giving the other party (here the Defendant) an opportunity to properly support or address the fact; (2) considering the fact undisputed for purposes of the motion; (3) granting summary judgment if the motion and supporting materials—including the facts considered undisputed--show that the movant is entitled to it; or (4) issuing any other appropriate order. Fed. R. Civ. P. 56(e).

Affording Defendant under Rule 56(e)(1) an opportunity to contest the Trustee's Affidavit with an affidavit of his own or by pointing out the contents of the turnover order and requesting the court to take judicial notice of it gets the adversary proceeding to the same place it would be with the court considering its contents under the authority of Rule 56(c)(3). A genuine dispute of material fact would exist, albeit one whose outcome at trial is predestined, making a trial an unnecessary waste of time based on the factual averments of the Complaint.

The options available to the court under Rule 56(e)(2) and (3) would work together in this case and result in the court granting the Trustee's motion. The contents of the turnover order as averred in the Trustee's Affidavit to include that it required turnover of nonexempt 2017 tax refunds would be taken as undisputed. Based on that undisputed fact and the equally undisputed fact from the Affidavit that Debtor did not turnover the nonexempt 2017 refund amount that she determined to be due to the estate, Plaintiff would be entitled to summary judgment as a matter of law under § 727(a)(6)(A) and (d)(2). But given the contents of the turnover order and the court record, that outcome is like saying the emperor is wearing clothes when he is not.

4

The court will take up the fourth option under Rule 56(e)(4) and issue an "appropriate order." In exercising this option, "the choice among possible orders should be designed to encourage proper presentation of the record." Fed. R. Civ.P. 56(e) advisory committee's note to 2010 amendment. The appropriate order the court will issue is denial of the motion for summary judgment with leave for Plaintiff to amend the Complaint. In situations like this where the moving party seems to have discharged the burden of demonstrating that no genuine issue of facts exists, the court nevertheless retains limited discretion to deny a motion for summary judgment. *Andrew v. Clark,* 561 F.3d 261, 271 (4th Cir. 2009).

The legal basis for the averments in the Trustee's complaint is 11 U.S.C. § 727(d)(3) and (a)(6)(A). [1] The caption of the complaint also refers to § 727(d)(2) as a basis to revoke Defendant's Chapter 7 discharge. Section 727(d)(2) states that the court shall revoke a debtor's discharge when:

> [T]he debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

11 U.S.C. § 727(d)(2). While the complaint caption refers to this provision, the averments of the Trustee's complaint and her Affidavit do not articulate facts that support it, to include acquisition of property of the estate and knowing and fraudulent conduct in the failure to deliver such property, in this instance without a court order directing it. *See Wyss v. Fobber (In re Fobber)*, 256 B.R. 268 (Bankr. E.D. Tenn. 2000) (discussing averments of complaint and elements of proof under § 727(d)(2)). While the Trustee may be available to aver and eventually substantiate, on summary judgment or otherwise, knowledge and fraudulent conduct on Defendant's part with respect to property of the estate, she had not done so thus far.

Based on the foregoing reasons and authorities,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 11] is **DENIED**, without prejudice; and

**IT IS FURTHER ORDERED** that Plaintiff is given leave under Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15(a)(2) to, and shall file an amended complaint, on or before **November 22, 2019,** absent which the court will dismiss this action without further notice or opportunity for hearing under Fed. R. Civ. P. 7041, Fed. R. Civ. P. 41(b) and 11 U.S.C. §105(a).

---

[1] The complaint also cites § 727(d)(2). Plaintiff does not argue that section in his motion and the facts do not support it. An example of a § 727(d)(2) claim would be if the vehicle had been sold and the proceeds received and retained by the Defendants, which has not been alleged. *E.g., Wyss v. Fobber (In re Fobber)*, 256 B.R. 268 (Bankr. E.D. Tenn. 2000).